Drake, Oh. J.,
delivered the opinion of the court:
The Post Office Department occupied for the post office in Albany, N. Y., under a written lease, certain premises belonging to the claimant. The.term expired with the 31st of March» 1877; but the Department held over the premises till the 31st of May following. In the State of New York the law appears to be, that if, after the expiration of a lease for a year, the tenant holds over, the law will imply an agreement to hold for a year upon the terms of the former lease. Upon this law the claimant bases his demand for $1,000, as a year’s rent from and after April 1, 1877.
We take it to be clear that that rule applies only to a case where there is no special agreement between the lessor and the lessee in regard to the matter. In this case we find that there was an agreement between the claimant and an agent of the Post-Office Department that the claimant would give the government sixty days’ notice to quit the premises, and he would expect the government to give him sixty days’ notice in vacating the premises. ,
The findings disclose that on the 31st of March, 1877, the postmaster at Albany, by order of the Post Office Department, gave the claimant notice in writing that his premises would be vacated by the government on the first day of the ensuing June 5 and it is further found that the premises were vacated in May, and that the keys thereof were taken to and‘ left at the claimant’s place of business, by the Albany postmaster, on the 31st of that month. The claimant returned them to the postmaster with a note informing him that the government lease of the premises did not expire till April 1, 1878; and not till that day did the claimant resume possession.
The claimant’s verbal agreement with the special agent of the Post-Office Department disabled him to take that position sue- *278 cessfully. The government did no more than avail itself of a consent which the claimant had voluntarily given to the vacation of the building at any time after April 1, 1877, provided he received sixty days’ notice of the intended vacation. True, when on the 31st of May he found the keys at his place of business, he immediately returned them to the postmaster, and claimed that the government was his tenant till April 1, 1878; but, nevertheless, we find, .upon the evidence, that the agreement was made as stated in finding III, and that seems to us to end the matter.
It was contended that the special agent’s agreement was not binding on the government, because not in writing, and if not binding on the government, it was not on the claimant. We know of no statute which requires the contracts of the Post Office Department for the renting of post-office accommodations to be in writing. On the contrary, it is a notable fact, that while section 3744 of the Revised Statutes makes it “ the duty of the Secretary of War; of the Secretary of the Navy, and of the Secretary of the Interior to-cause and require every contract made by them severally on behalf of the government, or by their officers under them appointed to make such contracts, to be reduced to writing”; there is no such provision as to the Postmaster-General.
The claimant is entitled to recover $670.33 for rent of the premises from April 1 to May 31, 1877, and for that sum judgment will be entered.